UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,

v

Case No. 1:05-cv-426

Hon. Wendell A. Miles

LEE GILMAN, DENNIS STRAUB,
DAVID HALL, STEVEN BARBER,
JEFFREY JAMESON, R. WINTERS,
C. COWLEY, A. JACKSON,
DATEMA, JARAMILLO, McDONALD,
WEBB, WOLEVER, THACH [TKACH],
C. JONES, J. SMITH, DANIEL MYGRANTS,
JAMES GRIDER, WILLIE O. SMITH,
LT. JACQUE CANNON, JOHN DOE AND/OR
JANE DOE #1, JOANNA CORBETT,
BRENNE BOILY, R. WOOD, DATAMA [DATEMA],
OFFICERS HOWARD DOES #1 - 9 ON 1ST SHIFT,
OFFICERS HOWARD DOES #1 - 8 ON 2ND SHIFT,
OFFFICERS HOWARD DOES #1 - 8 ON 3RD SHIFT,
all in their individual capacities,

    Defendants.

_____/

ORDER ON "DEFENDANTS' APPEAL OF MAGISTRATE'S ORDER
DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
STAYING DISCOVERY"

The plaintiff in this action is a Michigan prisoner.  In his Amended Complaint, plaintiff asserts claims under 42 U.S.C. § 1983 and state common law against numerous defendants who are currently or were formerly employed by the Michigan Department of Corrections.  On March 9, 2006 United States Magistrate Judge Ellen S. Carmody issued an order (docket no. 88) denying a motion by certain of the defendants for a protective order staying discovery.  The

matter is currently before the court on the defendants' appeal of that order (docket no. 89).

## Discussion

The gist of the defendants' appeal of the Magistrate Judge's order is that she should have granted their motion for protective order because the court had not yet ruled on their pending Rule 12(b)(6) Motion for Dismissal for Lack of Exhaustion (docket no. 41). The defendants argue that because exhaustion is a legal issue which must be decided before a court may consider the merits of claims asserted by a prisoner, discovery is premature in advance of the resolution of a motion based on the prisoner's alleged failure to satisfy the exhaustion requirement.

Fed.R.Civ.P. 72(a) provides that where the magistrate judge has entered an order relating to a nondispositive pretrial matter, any party may file timely objections to the order, and the district court then "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).[1]

In their motion for protective order staying discovery, the defendants sought relief from discovery pursuant to Fed.R.Civ.P. 26(b)(2)(iii) and (c)(1). Rule 26(b)(2)(iii) provides that

> [t]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it

---

[1] Federal Rule of Civil Procedure 72 implements certain provisions of the Federal Magistrates Act, 28 U.S.C. § § 631 *et seq.* ("the Act"). The relevant provision of the Act, 28 U.S.C. § 636(b)(1)(A), provides that, with certain exceptions, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," and "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

> determines that: . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. . . .

Rule 26(c)(1) further provides as follows:

> **(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had[.]

The defendants argue that district courts have routinely stayed discovery pending resolution of a potentially dispositive motion. They further argue that their Rule 12(b)(6) motion sets forth a "good faith argument" based on exhaustion and that therefore the court should resolve that issue before requiring them to submit to discovery related to the merits of plaintiff's action.

The court does not question that limiting discovery to a threshold issue is proper in a case that may be resolved upon a motion to dismiss, even where that motion is converted to a summary judgment motion. See Todd v. Merrell Dow Pharmaceuticals, Inc., 942 F.2d 1173, 1178 (7th Cir. 1991) (district court did not abuse its discretion in limiting initial discovery to threshold issue of causation). "[T]here is no general right to discovery upon filing of the complaint" and "[t]he very purpose of Fed.R.Civ.P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" Yuhasz v.

Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003) (quoting Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)).  "A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion."  Sprague v. Brook, 149 F.R.D. 575, 577 (N.D. Ill. 1993) (citations omitted).

However, the defendants' argument regarding what the Magistrate Judge could have done to protect them from discovery at this stage (i.e., while their Rule 12(b)(6) motion remains pending) does not address the applicable standard of review:  Rule 72(a)'s requirement that her order must be found to be "clearly erroneous or contrary to law."   Although the Magistrate Judge could perhaps have properly exercised her discretion to stay discovery pending resolution of the defendants' Rule 12(b)(6) motion, she was not required by law to do so, nor is her refusal to do so clearly erroneous.

The defendants' assertion of a "good faith" argument on the issue of exhaustion in their Rule 12(b)(6) motion does not require a stay of discovery.  There is no guarantee that the defendants will succeed on their motion; to the contrary, there is substantial reason to believe that they will not succeed.  The allegations of plaintiff's amended complaint regarding exhaustion are the same as those contained within his original complaint (to which he has appended exhibits in part documenting his exhaustion attempts).  However, in her Order for Service (docket no 6), the Magistrate Judge has already determined that plaintiff "has satisfied the requirements of the Prison Litigation Reform Act concerning . . . exhaustion of administrative remedies[.]"  Although this conclusion does not suffice as a ruling on defendants' subsequent motion under Rule 12(b)(6) raising the issue of exhaustion, the motion appears to be based on the premise that

plaintiff did not properly exhaust his administrative remedies solely because his attempts to file grievances against certain of the defendants were procedurally deficient insofar as plaintiff could have previously sought to file grievances against these particular defendants at a time when he was not on modified grievance access.  However, relevant Sixth Circuit case law holds that "a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a), *regardless of whether the prisoner complied with the grievance system's procedural requirements.*" Thomas v. Wollum, 337 F.3d 720, 733 (6th Cir. 2003) (emphasis supplied).  Although other circuits have held otherwise, see, e.g., Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005) (citing Thomas with disapproval), pet. for cert. filed, No. 05-6336 (Sept. 8, 2005), Thomas remains the law of the circuit at this time.  Therefore, the Magistrate Judge's denial of defendants' motion for protective order, where that motion was based solely on the pendency of their Rule 12(b)(6) motion for dismissal for lack of exhaustion and the specific arguments contained in that motion, was neither clearly erroneous nor contrary to law.  Instead, the Magistrate Judge's ruling was entirely consistent with Sixth Circuit law.  For that reason, the defendants' objections are **overruled** and the Magistrate Judge's order is **AFFIRMED.**

    So ordered this 25th day of April, 2006.


                                        /s/ Wendell A. Miles
                                       Wendell A. Miles, Senior Judge