UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

       Plaintiff,                                Hon. Wendell A. Miles

v.                                                  Case No. 1:05 CV 426

LEE GILMAN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Rule 12(b)(6) Motion for Dismissal for Lack of Exhaustion</u>. (Dkt. #41). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **denied**.

On June 16, 2003, Plaintiff initiated a lawsuit against numerous individuals relating to his placement in top-of-bed restraints for seven days. *Anthony v. Smith*, 4:03-cv-87, dkt. #1 (W.D. Mich.). On May 5, 2005, the parties stipulated to the dismissal without prejudice of those claims which had not been properly exhausted. *Anthony v. Smith*, 4:03-cv-87, dkt. #129-30 (W.D. Mich.). On June 20, 2005, Plaintiff initiated the present action asserting various claims, many of which had been dismissed in the previous action. (Dkt. #1). Defendants assert that the present action must be dismissed because Plaintiff has failed to properly exhaust the claims asserted therein.

On June 7, 2005, Plaintiff (who at the time was on modified grievance access) submitted two separate requests for grievance forms. (Dkt. #1, Exhibits A-B). In his requests, Plaintiff detailed his grievances as well as the individuals against whom he wished to pursue such grievances. *Id.*

Plaintiff's request to obtain grievance forms was denied. (Dkt. #42 at 1). Defendants do not dispute that the claims asserted in the present action were articulated in Plaintiff's requests for grievance forms. As the Sixth Circuit has recognized

> If a prisoner has been placed on modified access to the grievance procedure and attempts to file a grievance which is deemed to be non-meritorious, he has exhausted his "available" administrative remedies as required by [42 U.S.C.] § 1997e(a).

*Kennedy v. Tallio*, 20 Fed. Appx. 469, 470 (6th Cir. 2001).

Despite such authority, premised on the common sense notion that a prisoner cannot be held to have failed to utilize the prison grievance process if prison officials have prevented the prisoner from gaining access to such process, Defendants nonetheless assert that the present action must be dismissed because Plaintiff could have - but did not - properly grieve these claims before being placed on modified access status. As the Sixth Circuit has held, however, "a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a), *regardless of whether the prisoner complied with the grievance system's procedural requirements*." *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003) (emphasis added).

The underlying purpose of the exhaustion requirement is to permit prison officials the opportunity to address prisoner complaints in the first instance. Plaintiff presented to prison officials his grievances regarding the matters asserted in the present action. Prison officials, however, declined the opportunity to address Plaintiff's grievances. In sum, Plaintiff took advantage of the administrative remedies which were available to him. Such is all that § 1997e(a) requires Plaintiff to do. Accordingly, the undersigned recommends that Defendants' motion be denied.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendants' Rule 12(b)(6) Motion for Dismissal for Lack of Exhaustion, (dkt. #41), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 31, 2006                                    /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge