UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,                                           Case No. 1:05-cv-426

v                                                     Hon. Wendell A. Miles

LEE GILMAN, et al.,

    Defendants.

_____/

ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      The plaintiff in this action is a Michigan prisoner. In his First Amended Complaint, plaintiff asserts claims under 42 U.S.C. § 1983 against various current and former Michigan corrections officials who are or were employed by the Michigan Department of Corrections during two periods in December, 2002 and February, 2004 when, plaintiff alleges, he was placed in top-of-bed restraints at the Ionia Maximum Correctional Facility. On May 31, 2006, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that the motion for dismissal filed by the defendants based on lack of exhaustion (docket no. 41) be denied. No party has filed objections to the R & R, although the defendants have filed a renewed motion to dismiss based on lack of exhaustion (docket no. 168), which remains pending.

      The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, having reviewed the file in this matter, and having reviewed the relevant authority, rejects

the conclusion reached by the Magistrate Judge and instead concludes, for the reasons to follow, that plaintiff's action is subject to dismissal for lack of exhaustion.

## **Discussion**

Plaintiff seeks to sue the defendants over events allegedly occurring in December, 2002 and February, 2004.  However, he did not attempt to exhaust his administrative remedies until June, 2005.  In her R & R, the Magistrate Judge applied the Sixth Circuit decisions in Kennedy v. Tallio, No. 01-1386, 2001 WL 1176400 (6th Cir. Sept. 26, 2001) and Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003), concluding that because plaintiff had attempted to take advantage of the administrative remedies which were available to him, he had exhausted his available remedies under 42 U.S.C. § 1997e(a).

Subsequent to the issuance of the R & R, however, the Supreme Court issued its decision in Woodford v. Ngo, 126 S.Ct. 2378 (June 22, 2006), in which it held that the Prison Litigation Reform Act's exhaustion requirement requires "proper" exhaustion.  Id. at 2387.  In that case, the Ninth Circuit had held that the plaintiff prisoner, who had submitted an untimely grievance to prison officials, had exhausted his administrative remedies because no such remedies remained available to him.  The Supreme Court's decision reversed that holding, and in doing so the Supreme Court also overruled the Sixth Circuit's decision in Thomas, which had been the only circuit decision in agreement with the Ninth Circuit's decision.  126 S.Ct. at 2384.

The court concludes that the decision in Woodford resolves the issue presented in the

current case against plaintiff. Plaintiff has not alleged that he timely sought to file a grievance or request a grievance form. He has not established proper exhaustion, and therefore his complaint is subject to dismissal.

## **CONCLUSION**

The motion for dismissal filed by the defendants based on lack of exhaustion (docket no. 41) is GRANTED. The court therefore grants dismissal in favor of the defendants on plaintiff's claims against them.

So ordered this 22nd day of August, 2006.

/s/ Wendell A. Miles  
Wendell A. Miles  
Senior U.S. District Judge