UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,

v.                                                                                                  Case No. 1:05-cv-426

LEE GILMAN, DENNIS STRAUB,                                       Hon. Wendell A. Miles
DAVID HALL, STEVEN BARBER,
JEFFREY JAMESON, UNKNOWN WINTERS,
T. JONES, UNKNOWN GILLESPIE,
UNKNOWN HITCHCOCK, C. CROWLEY,
A. JACKSON, D. RICHARD, UNKNOWN PARTIES,
UNKNOWN THACH, C. JONES, J. SMITH,
DANIEL MYGRANTS, JAMES GRIDER,
WILLIE O. SMITH, UNKNOWN CANNON,
JOANNA CORBETT, BREHNE BOILY,
R. WOOD, UNKNOWN DATAMA, C. COWLEY,
KACY DATEMA, UNKNOWN JARAMILLO,
UNKNOWN MCDONALD, WEBB, and
UNKNOWN WOLEVER,

        Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS

       Plaintiff Lorenzo Anthony, a Michigan prisoner, filed this action under 42 U.S.C. § 1983. Presently before the court is Plaintiff's Motion for Relief from Judgment, filed on March 21, 2007 (docket # 199), and Plaintiff's Amended and Supplemental Motion for Relief from Order (docket # 206), filed on April 5, 2007.

       Plaintiff brought claims based upon allegations that in December 2002 and February 2004, while housed at the Alger Maximum Correctional Facility, he was wrongfully placed in

top-of-bed restraints.[1]  On May 31, 2006, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation recommending that Defendants' motion to dismiss for failure to exhaust administrative remedies be denied.  The Magistrate Judge reached her conclusion based on the holding in Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003), that "a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a), regardless of whether the prisoner complied with the grievance system's procedural requirements."  Id. at 733.  On August 22, 2006, the court rejected the Magistrate Judge's recommendation and granted Defendants' motion to dismiss Plaintiff's complaint.  The court found that the intervening Supreme Court's decision in Woodford v. Ngo, 126 S.Ct. 2378 (2006), which was issued on June 22, 2006, controlled the exhaustion issue.  In Woodford, the Supreme Court held that the Prison Litigation Reform Act (PLRA) exhaustion requirement requires "proper exhaustion," thereby overruling Thomas v. Woolum.  "Proper exhaustion" means that the plaintiff complied with the administrative agency's deadlines and "critical procedural rules," such as time limits for filing grievances.  Id. at 2386-388.  It is a precondition to any suit challenging prison conditions.  Id. at 2387.

In his present motions, Plaintiff argues that the court erred in applying Woodford retroactively; that the Michigan Department of Corrections' (MDOC) policy regarding grievances conflicts with Michigan's statute of limitations; and, that he is entitled to equitable tolling.  As to Plaintiff's first argument, when a court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full

---

[1]In June 2003, Plaintiff filed a lawsuit based upon the same facts alleged in the present suit.  On May 5, 2005, the unexhausted claims were dismissed.  See Anthony v. Smith, 4:03-cv-87 (W.D. Mich. 2003).  Many of the claims he raises in the present suit were claims that had been dismissed for failure to exhaust in Anthony v. Smith.

2

retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 544 (1991). Courts may not "apply a new rule in the case in which it is announced, then return to the old one with respect to all others arising from facts predating the pronouncement. Id. Because the Supreme Court applied the exhaustion rule announced in Woodford to the Woodford litigants, see Woodford, 126 S.Ct. at 2393, Beam mandates the application of that rule to all cases pending as of June 22, 2006, including the present case.

     Plaintiff next argues that the MDOC's policy regarding time limits for filing grievances conflicts with Michigan's statute of limitations, which governs the time for filing a § 1983 suit. The Prison Litigation Reform Act (PLRA) requires prisoners to forgo filing § 1983 claims in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff is confusing requirements for filing a § 1983 suit found in the federal statute with a statute of limitations. The exhaustion requirement is a condition that must be satisfied before filing suit within the applicable statute of limitations. In Woodford, the Court held that to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules. Woodford, 126 S.Ct. at 2385. The rules governing the administrative review process are not defined by the PLRA, "but by the prison grievance process itself." Jones v. Bock, 127 S.Ct. 910, 922-23 (2007). The requirements of the grievance procedure "will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. The Michigan legislature assigned to the director of the MDOC the duty to supervise and control

3

that department.  MICH. COMP. LAWS § 791.203.  It also delegated to the director the authority to promulgate rules for "the management and control of state penal institutions."  MICH. COMP. LAWS § 791.206.  Consistent with that statutory assignment and delegation, the MDOC director promulgated the rules pertaining to grievances.  The Supreme Court made clear in Woodford and Jones that these are the rules that control the exhaustion requirement.

Finally, Plaintiff acknowledges that the exhaustion requirement is not satisfied where the plaintiff has filed an untimely or otherwise defective grievance, see Woodford, 126 S.Ct. at 2387, but contends that he is entitled to equitable tolling, which would cause the grievances he did file to be timely.  Equitable tolling may be appropriate if the plaintiff lacked actual or constructive notice of the filing requirements, diligently pursued his rights, tolling would not prejudice the defendant, and the plaintiff was reasonably ignorant of the particular legal requirement.  Weigel v. Baptist Hosp. of East Tennessee, 302 F.3d 367, 376 (6th Cir. 2002).  The list of factors is not necessarily comprehensive, and not all factors are relevant in all cases.  Jurado v. Burt, 337 F.3d 638, 643 (6th Cir. 2003).  Prejudice to the defendant may only be considered if other factors of the test are met.  Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. 2001).

In June 2005, Plaintiff was on modified access to grievance forms.  Wishing to grieve being placed on top-of-the-bed restraints in December 2002 and February 2004, he requested grievance forms.  The request was denied.  Plaintiff, however, was not on modified access at the time the incidents occurred, and could have filed timely grievances.[2]  Moreover, prior to his June

---

[2]Prisoners must attempt to resolve grievances with the staff members involved within 2 business days of the relevant incident.  Michigan Department of Corrections Policy Directive 03.02.130, ¶ R (effective Dec. 19, 2003).  Within 5 days of attempting to resolve the grievance with staff, a prisoner must file a Step I grievance.  Id., ¶ X.  The Michigan Department of Corrections amended Policy Directive 03.02.130 on July 19, 2007.  However, the 2003

2005 modified access status, he was placed on modified access between March 28, 2003 and June 26, 2003, and April 14, 2004 and July 14, 2004.  (Docket # 42, Ex. 1, Affidavit of Suzanne Keegstra).  He had ample time when he was not on modified access status to pursue his grievances.  He was able to timely and properly file other grievances during this time period.  (See Docket # 42, Exs.3, 4).  The record clearly reveals that Plaintiff has not met the requirements for applying equitable tolling.

## Conclusion

For the foregoing reasons, the court DENIES Plaintiff's Motion for Relief From Judgment (docket # 199), and DENIES Plaintiff's Amended and Supplemental Motion for Relief From Order (docket # 206).

So ordered this 10th day of January, 2008.

      /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

---

version of the Policy Directive was in effect at all times applicable to this lawsuit.